Matter of Bolofksy v City of New York (2022 NY Slip Op 00245)





Matter of Bolofksy v City of New York


2022 NY Slip Op 00245


Decided on January 13, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 13, 2022

Before: Acosta, P.J., Manzanet-Daniels, González, Shulman, Rodriguez, JJ. 


Index No. 100028/17 Appeal No. 15063 Case No. 2021-00790 

[*1]In the Matter of Glen Bolofksy etc., et al., Petitioners-Appellants,
v
The City of New York et al., Respondents-Respondents.


Edelstein & Grossman, New York (Jonathan I. Edelstein of counsel), for appellants.
Georgia M. Pestana, Corporation Counsel, New York (Julie Steiner of counsel), for respondents.



Order, Supreme Court, New York County (Lucy Billings, J.), entered August 6, 2020, which, insofar as appealed from as limited by the briefs, granted respondents' motion to dismiss petitioner Bolofsky from this proceeding brought pursuant to CPLR article 78 and to dismiss the first and second causes of action of the second amended petition as to all petitioners, unanimously affirmed, with costs.
The court correctly dismissed petitioner Bolofsky, who operates Parking Survival Experts, a business that brokers parking tickets, from this article 78 proceeding, for lack of standing. While Bolofsky has an "interest" in the adjudication of the parking summonses, his allegations do not suffice to show that he has suffered an actual injury within the relevant zone of interest for purposes of asserting standing with respect to the article 78 claims here (see Matter of Sysco Metro NY LLC v City of New York, 59 Misc 3d 727, 730-731 [Sup Ct, New York County 2017], affd 168 AD3d 459 [1st Dept 2019]).
The court also correctly dismissed the first and second causes of action alleging that respondents' failure to respond to requests for transcripts of parking ticket hearings within the required 45 days required dismissal of the underlying parking summonses pursuant to Vehicle and Traffic Law § 237(8). The plain language of the statutory scheme makes clear that such a request for a transcript under section 237(6) is not an "inquir[y] . . . concerning [a] notice of violation" that implicates the automatic dismissal provision of § 237(8). Rather, the scheme provides, under Vehicle and Traffic Law § 242, that an aggrieved ticketed party, who timely files a notice of appeal and requests and pays for a transcript of the original hearing must be provided with the transcript at least 10-days before an appeal may be heard. While this ensures that such a party will not have its appeal heard and decided until it has access to the transcript, petitioners correctly point out this does not protect such parties from bureaucratic delay in responding to the transcript request that can leave the person or entity whose ticket is on appeal (and who has likely paid the fine) in limbo for an extended period of time. However, the remedy petitioners seek for such delays must come from the legislature, and cannot be addressed by asking courts to misapply, or give a strained reading to, the section 237(8) dismissal provision. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 13, 2022